<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 28, 2025

John Jhong
45288-053
Canaan
U.S. Penitentiary
P.O. Box 200
Waymart, PA 18472
*Pro se Defendant on behalf of all Petitioners*

Peter A. Laserna
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

**Re:** *United States of America v. John Jhong*,
   **Criminal Action No. 22-852**

Parties:

Before this Court is a petition by Defendant John Jhong, Anne Jhong, Catherine Jhong, and Christopher Jhong (collectively, "Petitioners") related to specific property that is the subject of a forfeiture order, and the Government's motion to dismiss the petition. For the reasons stated herein, the Government's Motion is **GRANTED** and the petition is **DISMISSED**.

<u>**BACKGROUND & PROCEDURAL HISTORY**</u>

On December 22, 2022, the Defendant was charged in an information with bank fraud, among other charges, stemming from allegations that Defendant fraudulently received $2,169,886 in Paycheck Protection Program ("PPP") loans, which was disbursed to family members' bank accounts. (D.E. 34.) The information contained forfeiture allegations, which informed the Defendant that, upon conviction, he "shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offense charged in Count One . . . " (*Id.* at 9.) This section specifically identified funds that were seized from approximately 14 bank accounts totaling approximately $1,865,899.19. (*Id.* at 9–10.)

On or about December 22, 2022, the Defendant pled guilty to the bank fraud charge. (*See* D.E. 36; 38.) As part of his plea agreement with the Government, the Defendant consented to the forfeiture of all funds traceable to the bank fraud and specifically agreed to forfeit the funds that were seized from the 14 bank accounts listed in the information. (D.E. 38 at 4–5; 12.) This Court entered a Consent Judgment and Order of Forfeiture and Preliminary Order of Forfeiture as to Specific Property on or about November 15, 2023. (D.E. 48.) Pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(b), a Notice of Forfeiture was filed with the Court on May 1, 2024. (D.E. 55.) The Government sent copies of this Notice of Forfeiture and the Preliminary Order of Forfeiture to Petitioners on the same date. (D.E. 66-2 at 3.) On May 28, 2024, the Defendant filed the Petition, which consists of a Notice of Filing (D.E. 56), a Memorandum in Support (D.E. 56-1), and certifications from Defendant (D.E. 56-2), Defendant's wife Anne (D.E. 56-3), and each of their two children, Christopher (D.E. 56-4) and Catherine (56-5), along with several exhibits. (D.E. 56-6.)

## **DISCUSSION**

Under 21 U.S.C. § 853(n)(2), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." "The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). In an ancillary proceeding such as this, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). Here, the petition is dismissed on two independent grounds.

First, the Defendant himself is expressly barred from participating in this proceeding. The forfeiture order was final with respect to the Defendant at the time of sentencing, and Defendant does not have any standing at this point to object. *See United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999) (holding that a defendant "generally has no standing to participate in the ancillary proceeding that takes place after the forfeiture order is entered at sentencing.") Thus, to the extent Defendant attempts to position himself as a petitioner, his claim is easily denied. As for Defendant's family, the Government has submitted a sworn affidavit that states that Anne Jhong, Defendant's wife, told a government agent that the Petition was completed and signed by Defendant. The affidavit further states that, while Anne Jhong did authorize Defendant to complete the Petition, she did not really understand what the documents were about other than an effort to recover some of the seized funds. The Petitioners have not disputed this version of events. Because Defendant is barred from this proceeding, and the Petitioners have not demonstrated that they independently filed or prepared the petition, dismissal is warranted on this ground alone.

Second, even if Defendant's family had filed without Defendant's involvement, the petition still falls short of presenting a claim for relief. At most, each of the affidavits state generally that the bank accounts in question existed before Defendant's wrongdoing in the family member's

names and that the petitioners were unaware of the wrongdoing. However, the mere fact that the accountholders may not have known that the funds were traceable to wrongdoing is irrelevant to this Court's analysis, as the Government "can forfeit and go after criminal earnings wherever they may be stashed—even in the hands of third parties." *United States v. Hallinan*, 75 F.4th 148, 150 (3d Cir. 2023). As the Government correctly notes, the petition does not adequately detail "the time and circumstances" under which the Petitioners acquired their interests in the funds, which are "not simply technical requirements, but are construed strictly to discourage false or frivolous claims." *United States v. Preston*, 123 F. Supp. 3d 117, 125 (D.D.C. 2015) (internal quotations omitted).

Accordingly, because the undisputed evidence shows that Defendant improperly prepared the petition on his family's behalf and because the petition itself fails to state a claim to relief, dismissal is warranted.

## **CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED**, and the petition is **DISMISSED**. An appropriate order follows.

                                                    */s/ Susan D. Wigenton*
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties